NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0066n.06

No. 14-1565

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 22, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff-Appellee,         )
                                )
                                )  ON APPEAL FROM THE UNITED
v.                              )  STATES DISTRICT COURT FOR
                                )  THE WESTERN DISTRICT OF
VALENTIN PEREZ-LOPEZ,           )  MICHIGAN
                                )
    Defendant-Appellant.        )

BEFORE: BOGGS and McKEAGUE, Circuit Judges; PEARSON, District Judge.[*]

PER CURIAM. Valentin Perez-Lopez, a federal prisoner, appeals through counsel the sentence imposed following his 2014 guilty plea to a charge of illegal reentry after removal subsequent to a conviction of an aggravated felony.

The presentence report prepared in this case showed that Perez-Lopez had several convictions involving border crossings between his native Mexico and this country. He was convicted of transporting firearms and ammunition across the border to Mexico in 1978, smuggling illegal aliens in 1980, possession with intent to distribute marijuana from Mexico in 2002; and a prior offense of reentry after removal subsequent to a conviction of an aggravated felony in 2009. For the 2009 reentry conviction, Perez-Lopez was sentenced to 30 months of

_____

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

imprisonment. The guidelines sentence range for the instant reentry conviction was 18 to 24 months, lower than the 2009 sentence because the age of his (2002) possession-of-marijuana conviction meant that the conviction no longer counted towards his criminal history score. The probation officer recommended an upward variance to 36 months on the ground that Perez-Lopez's criminal history was underscored. Perez-Lopez requested a sentence within the guidelines range.

At the sentencing hearing, the district court adopted the upward variance suggested by the probation officer based on the under-representation of Perez-Lopez's criminal history. He also departed upwards further, to 48 months of imprisonment, because Perez-Lopez had not been deterred from committing the same offense by the 30-month sentence. Perez-Lopez argues that the instant sentence is substantively unreasonable because it is twice as long as the high end of the guidelines range.

We review the substantive reasonableness of a criminal sentence under an abuse-of-discretion standard. *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). It is well-established that "'[a]lthough a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range.'" *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (citing *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009)). Nor do we apply a rigid mathematical formula using the percentage of departure from the guidelines range "'as the standard for determining the strength of the justifications required for a specific sentence.'" *See United States v. Richards*, 659 F.3d 527, 550 (6th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 47 (2007)).

We have upheld upward departures in cases when the district court found the defendant's criminal history to be extensive and egregious, *Herrera-Zuniga*, 571 F.3d at 589, when the guidelines resulted in a lower sentence than for a prior conviction of the same offense, *United States v. Barnes*, 910 F.2d 1342, 1345 (6th Cir. 1990), and when the defendant had prior convictions for illegal reentry, *Tristan-Madrigal*, 601 F.3d at 634-35.

Perez-Lopez has not shown that the district court abused its discretion or that a different sentence was required in his case. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009) (noting that a district court's decision not to give a defendant the exact sentence sought did not serve as an adequate basis for appeal). No argument has been presented that would justify substituting our judgment for the judgment of the sentencing court. *See United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006). Accordingly, the district court's judgment is affirmed.